ORIGINAL

IN THE UNITED STATES DISTRICT COURT **FILED IN OPEN COURT**
U.S.D.C. - Atlanta

FOR THE NORTHERN DISTRICT OF GEORGIA

MAY 1 0 2011

ATLANTA DIVISION

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

UNITED STATES OF AMERICA          :
                                  :
          v.                      :
                                  :
SOLOMON MANASSEH MUSTAFA,         :     CRIMINAL INDICTMENT
     a/k/a "G,"                   :     NO.
     a/k/a "J,"                   :
     a/k/a "Black," and           :
                                  :     1 11-CR-234
KALANDRA ANNETTE WALLACE,         :
     a/k/a, "Toy,"                :
     a/k/a, "Love,"               :
     a/k/a, "Lady"                :

The Grand Jury charges that:

<u>INTRODUCTORY ALLEGATIONS</u>

At all times relevant to this indictment:

1.   Defendant SOLOMON MANASSEH MUSTAFA, a/k/a "G," a/k/a "J,"
a/k/a "Black" (hereinafter, "MUSTAFA"), recruited, enticed, forced
and attempted to force young women to engage in prostitution in
motels and homes in and around Atlanta, Georgia, and in other
states.

2.   Defendant KALANDRA ANNETTE WALLACE, a/k/a "Toy," a/k/a
"Love," a/k/a "Lady" (hereinafter, "WALLACE"), worked with MUSTAFA
and helped MUSTAFA recruit and entice young women and force them,
and attempt to force them, to work as prostitutes.

3.   "S.W.," "D.W.," "R.A.," "D.H.," and "D.V." were young
women MUSTAFA and WALLACE (collectively, the "defendants")
recruited, enticed, forced, harbored, transported and/or attempted

to force to work as prostitutes. "M.I." is a juvenile that MUSTAFA and WALLACE attempted to recruit, entice, harbor, and transport to cause her to engage in a commercial sex act. The women are referred to herein by their initials and are sometimes generally referred to as "the young women."

4.    The Grand Jury incorporates by reference and re-alleges these introductory allegations into each count of this indictment.

**COUNT ONE**

CONSPIRACY - 18 U.S.C. §§ 1594(b) and (c)

Objects of the Conspiracy

Beginning in or about January 2010, and continuing through on or about June 4, 2010, in the Northern District of Georgia and elsewhere, defendants MUSTAFA and WALLACE did knowingly and willfully combine, conspire, confederate, and agree with one another, and others unknown to the grand jury, to commit certain offenses against the United States, specifically:

(a)    To entice, harbor, transport, provide, obtain, and maintain by any means young women, in and affecting interstate commerce, and to benefit, financially and by receiving a thing of value, from participation in a venture which has engaged in enticing, harboring, transporting, providing, obtaining, and maintaining by any means young women, in and affecting interstate commerce, knowing, and in reckless disregard of the fact, that

2

means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause the young women to engage in a commercial sex act, and that M.I., who had not attained the age of 18 years, would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a);

(b)  To knowingly conceal, remove, confiscate, and possess an actual and purported government identification document of S.W. and others in the course of a violation of, and with intent to violate, Title 18, United States Code, Section 1591(a), in violation of Title 18, United States Code, Section 1592.

### Manner and Means of the Conspiracy

1.  Beginning in or about January 2010, and continuing through on or about June 4, 2010, defendants MUSTAFA and WALLACE recruited and enticed young women, physically and sexually assaulted them, and forced them to engage in prostitution in the Atlanta metropolitan area and areas outside the state of Georgia, for the financial benefit of defendants MUSTAFA and WALLACE.

2.  It was a part of the plan and purpose of the conspiracy that defendants MUSTAFA and WALLACE would recruit and entice young women to engage in prostitution and other sexual activity by placing advertisements on internet websites such as Craigslist.org and Backpage.com that solicited women who were interested in making money, becoming an escort, or seeking sexual and/or romantic

3

relationships.

3.    It was further a part of the plan and purpose of the conspiracy that, once the young women would respond to these advertisements via the internet or via telephone, defendants MUSTAFA and WALLACE would meet and transport the young women to various locations in the Atlanta metropolitan area, where the defendants would use physical force, physical restraint, threats, and coercion to cause the young women to engage in sexual acts with each of them.

4.    It was further a part of the plan and purpose of the conspiracy that, at various locations in the Atlanta metropolitan area, defendants MUSTAFA and WALLACE would require the young women to engage in prostitution and would retain the money from these commercial sex acts for their financial benefit.

5.    It was further a part of the plan and purpose of the conspiracy that defendants MUSTAFA and WALLACE would transport the young women from the Atlanta metropolitan area on interstate highways to areas outside the State of Georgia for the purpose of having the young women engage in commercial sex acts.

6.    It was further a part of the plan and purpose of the conspiracy that the defendants would arrange for the women to engage in acts of prostitution at various locations throughout the Atlanta metropolitan area and that the defendants would transport the women on interstate highways among these locations.

7.  It was further a part of the plan and purpose of the conspiracy that the defendants would communicate with each other, with potential prostitution customers, and with the young women using mobile telephones and the internet.

### Overview of the Conspiracy

In furtherance of the conspiracy, and to accomplish the objects thereof, at least one of the conspirators committed or caused to be committed at least one of the following overt acts, among others, in the Northern District of Georgia and elsewhere:

1.  The Grand Jury incorporates by reference as overt acts the acts charged in Counts Three through Fourteen of this indictment.

### D.V. - May to June 2010

2.  On or about May 31, 2010, in Atlanta, Georgia, defendant MUSTAFA recruited and enticed D.V. into prostitution by posting an advertisement on the internet website Craigslist.org for an "escort" who would live with him in a "family-like" situation.

3.  On or about May 31, 2010, in Atlanta, Georgia, after D.V. responded to the advertisement by emailing her telephone number, defendant MUSTAFA contacted D.V. by telephone and informed her that he would pick her up.

4.  In or about June 2010, in Atlanta, Georgia, defendant MUSTAFA met D.V. and transported her to a local hotel, instructed her to leave her cell phone in his car, and took nude photographs of D.V.

5. In or about June 2010, in Atlanta, Georgia, defendant MUSTAFA, through force, threats of force, and coercion, caused D.V. to inhale a white powdery substance that appeared to be cocaine.

6. In or about June 2010, in Atlanta, Georgia, defendant MUSTAFA physically assaulted D.V. by striking her in the face.

7. In or about June 2010, in Atlanta, Georgia, defendant MUSTAFA, forced D.V. to have oral and anal sex with him.

8. In or about June 2010, in Atlanta, Georgia, defendant MUSTAFA applied duct tape to the eyes and wrists of D.V. and placed her in a closet.

9. In or about June 2010, in Atlanta, Georgia, defendants MUSTAFA and WALLACE made appointments for D.V. to engage in commercial sex acts with men.

10. In or about June 2010, in Atlanta, Georgia, defendants MUSTAFA and WALLACE caused D.V. to have sex with numerous men over several days for money, and directed D.V. to give them all of the money from the sexual encounters.

11. In or about June 2010, in Atlanta, Georgia, when D.V. stated that she wanted to go home, defendants MUSTAFA and WALLACE informed D.V. that she could not go home and did not return her personal belongings.

12. In or about June 2010, defendant MUSTAFA transported D.V. from Atlanta, Georgia, to Homewood, Alabama, for the purpose of having D.V. engage in commercial sex acts.

6

13.  On or about June 4, 2010, after defendants MUSTAFA and WALLACE, and D.V. arrived in Homewood, Alabama, defendant WALLACE used the name of S.W. to check in to a hotel that the defendants intended to use for the purpose of having D.V. engage in commercial sex acts.

### D.H. - May 2010

14.  In or about May 2010, in the Northern District of Georgia, defendant WALLACE recruited and enticed D.H. into providing commercial sex acts by posting an advertisement on the website Craigslist.org for a person to "be with her to make money."

15.  In or about May 2010, in the Northern District of Georgia, defendant WALLACE communicated with D.H. by telephone for on several occasions and ultimately agreed to meet and pick D.H. up from her home.

16.  In or about May 2010, in the Northern District of Georgia, defendants MUSTAFA and WALLACE picked D.H. up from her home, transported her to a house, and took her personal belongings.

17.  In or about May 2010, in the Northern District of Georgia, defendant MUSTAFA took semi-nude photographs of D.H.

18.  In or about May 2010, in Atlanta, Georgia, defendants MUSTAFA and WALLACE transported D.H. from a house to a local hotel, where defendant MUSTAFA physically assaulted D.H. by striking her in the face, and told her that she could not go home until she earned him a "stack" - $1000 - because she worked for him.

19.   In or about May 2010, in Atlanta, Georgia, when D.H. attempted to escape from the hotel, defendant MUSTAFA grabbed D.H.'s hair and slammed her to the floor, and both MUSTAFA and WALLACE physically assaulted D.H. by striking her in the face.

20.   In or about May 2010, in Atlanta, Georgia, after preventing D.H.'s escape, defendant MUSTAFA forced D.H. to engage in vaginal sex with him while pulling D.H.'s hair and striking her in the face and in the back of her head.

21.   In or about May 2010, in Atlanta, Georgia, defendants MUSTAFA and WALLACE, through force, threats of force, and coercion, caused D.H. to drink vodka and to inhale a white powdery substance that appeared to be cocaine.

22.   In or about May 2010, in Atlanta, Georgia, defendants MUSTAFA and WALLACE told D.H. that they had a gun and were not afraid to kill her.

23.   In or about May 2010, in the Northern District of Georgia, defendants MUSTAFA and WALLACE transported D.H. to a house where MUSTAFA forced D.H. to engage in oral sex with defendant WALLACE while her eyes were covered by duct tape.

24.   In or about May 2010, in the Northern District of Georgia, defendant MUSTAFA bound D.H.'s wrists and feet with duct tape and made her lie in a bed between him and WALLACE.

25. In or about May 2010, in Atlanta, Georgia, defendants MUSTAFA and WALLACE forced D.H. to remain in a closet with her eyes covered with, and hands and feet bound by, duct tape.

26. On or about May 28, 2010, defendants MUSTAFA and WALLACE covered D.H's eyes with duct tape and transported D.H. from the Atlanta metropolitan area to Homewood, Alabama, for the purpose of having D.H. engage in commercial sex acts.

<u>R.A. - May 2010</u>

27. In or about May 2010, in the Northern District of Georgia, defendant MUSTAFA recruited and enticed R.A. to provide commercial sex acts by posting an advertisement on the website Craigslist.org soliciting "down adult females."

28. In or about May 2010, in the Northern District of Georgia, after R.A. replied to the advertisement by telephone, defendant MUSTAFA informed R.A. that he was offering a job to have sex with men for money, that he would take her to the "dates," and that he would provide housing.

29. In or about May 2010, in Ellenwood, Georgia, defendant MUSTAFA picked R.A. up and transported her to an apartment located at 2445 Rex Road, Apartment W5, Ellenwood, Georgia.

30. In or about May 2010, defendants MUSTAFA and WALLACE took nude photographs of R.A. and posted these photographs on internet websites such as Backpage.com for the purpose of soliciting clients for commercial sex acts.

31. In or about May 2010, in Ellenwood, Georgia, defendant MUSTAFA made appointments for R.A. to engage in commercial sex acts with men, paid R.A. $100 for these sex acts, and kept all other proceeds.

32. In or about May 2010, in the Northern District of Georgia, defendants MUSTAFA and WALLACE inquired about various telephone numbers in R.A.'s mobile phone and, when she did not provide any information, physically assaulted her by striking her in the face several times.

33. In or about May 2010, in the Northern District of Georgia, defendant MUSTAFA, during the same episode described above, instructed R.A. to remove her clothes and stand in a corner, pointed a gun at the front and back of R.A.'s head, struck R.A. in the back of her head using his hand, told R.A. that she was "going to make [his] money," and handcuffed R.A. to a bed.

34. In or about May 2010, in Ellenwood, Georgia, defendant MUSTAFA ordered R.A. to physically assault another female working for him by striking her in the face. MUSTAFA threatened to physically assault R.A. if she did not comply with his commands.

35. In or about May 2010, at a house located at 2971 Medina Drive, Jonesboro, Georgia, defendant MUSTAFA made R.A. perform oral sex on defendant WALLACE, while defendant MUSTAFA physically assaulted R.A. by kicking her in the back.

36.   In or about May 2010, in Jonesboro, Georgia, defendants MUSTAFA and WALLACE, through force, threats of force, and coercion, caused R.A. to inhale a white powdery substance that appeared to be cocaine.

37.   In or about May 2010, in the Northern District of Georgia, defendants MUSTAFA and WALLACE, through force, threats of force, and coercion, caused R.A. to engage in commercial sex acts.

### D.W. - April to May 2010

38.   In or about April 2010, in the Northern District of Georgia, defendants MUSTAFA and WALLACE recruited and enticed D.W. to engage in prostitution or other sexual activity by posting an advertisement on Craigslist.org that served as an "invitation" for a person to join a "team of prostitutes" and to be taken care of "all expenses paid."

39.   In or about April 2010, after D.W. responded to the advertisement, defendant WALLACE communicated with D.W. by telephone over several days and made arrangements to meet with D.W.

40.   On or about April 30, 2010, in the Northern District of Georgia, defendants MUSTAFA and WALLACE met D.W., at which time MUSTAFA asked D.W. to remove her clothes and perform sexual acts with him as an "audition" for the prostitution position advertised on Craigslist.org.

41.   On or about April 30, 2010, in the Northern District of Georgia, defendant MUSTAFA informed D.W. that she would soon be

"pimped out" for money and took all of her personal belongings.

42. On or about May 2, 2010, in Ellenwood, Georgia, D.W. went to 2445 Rex Road, Apartment W5, Ellenwood, Georgia, to get her personal belongings back from defendant MUSTAFA. MUSTAFA then raped and sodomized D.W. by placing a gun to her head, threatening to kill her, forcing her to engage in vaginal and anal sex with him, and penetrating her vagina and anus with his fingers and a sex toy.

43. On or about May 2, 2010, in Ellenwood, Georgia, defendant MUSTAFA, during the acts of rape and sodomy described above, handcuffed D.W. to a bed and, through force, threats of force, and coercion, caused D.W. to inhale a white powdery substance that appeared to be cocaine.

44. On or about May 2, 2010, in Ellenwood, Georgia, defendants MUSTAFA and WALLACE, along with another female physically assaulted D.W. during the acts of rape and sodomy described above.

45. On or about May 2, 2010, in Ellenwood, Georgia, defendants MUSTAFA and WALLACE handcuffed D.W. to the bed and left her there. D.W. escaped by slipping one end of the handcuffs off the bed post, tying the bed sheets together, and climbing out of the second story window.

Case 1:11-cr-00234-CAP-AJB  Document 1  Filed 05/10/11  Page 13 of 27

S.W. - January to February 2010

46.  In or about January 2010, in the Northern District of Georgia, defendant MUSTAFA recruited and enticed S.W. to engage in a commercial sex act by posting an advertisement on Craigslist.org requesting a "real woman" who was interested in a "free room" along with free food and gifts.

47.  On January 26, 2010, in Ellenwood, Georgia, after S.W. responded to the advertisement, she met MUSTAFA and WALLACE at an apartment located at 2445 Rex Road, Apartment W5, Ellenwood, Georgia.  Defendants told S.W. that if she wanted to live at the apartment she would have to agree to be a prostitute in exchange for a room, money, gifts, and tuition.

48.  In or about January 26, 2010, in Ellenwood, Georgia, MUSTAFA and WALLACE took nude and semi nude photographs of S.W. and posted those photographs on the internet in an advertisement for commercial sex acts.

49.  In or about January 26, 2010, in Ellenwood, Georgia, S.W. began working as an escort and having sex with several men for money, all of which she was required to give to either MUSTAFA or WALLACE.

50.  On an unspecified date between January 2010 and March 4, 2010, defendants MUSTAFA and WALLACE transported S.W. from the Atlanta metropolitan area to North Carolina for the purposes of having S.W. engage in commercial sex acts.

51.    In  or  about  February  2010,  in  Ellenwood,  Georgia, defendant MUSTAFA accused S.W. of having a romantic relationship with one of her "clients" and, as punishment, took S.W.'s mobile phone, Georgia identification card, and social security card.

52.    In  or  about  February  2010,  in  Ellenwood,  Georgia, defendant MUSTAFA, after taking S.W.'s identification documents and telephone, watched S.W. at all times and did not allow her to be alone.    MUSTAFA warned S.W. that if she left, he would call the police and have her locked up.

53.    From January 26, 2010, to on or about March 4, 2010, in Ellenwood, Georgia, defendant MUSTAFA physically assaulted S.W. by hitting her on several occasions.  On one occasion, MUSTAFA dragged her across the carpet, causing a large abrasion on S.W.'s back. From in or about February 2010, to March 4, 2010, S.W. felt she had no choice but to obey MUSTAFA's demands to engage in commercial sex acts and to give him the money she earned.

### M.I. - March 2010

54.    On or about March 7, 2010, in the Northern District of Georgia, defendant MUSTAFA attempted to recruit and entice M.I. to engage in prostitution and other unlawful sexual activity.

55.    On or about March 7, 2010, in the Northern District of Georgia,   defendant   MUSTAFA   posted   an   advertisement   on Craigslist.org and, in response to the advertisement, MUSTAFA began communicating with M.I. by text messaging.

14

56. On or about March 7, 2010, in the Northern District of Georgia, during the course of text messaging with defendant MUSTAFA, M.I. informed him that she was 14 years old. Defendant MUSTAFA responded by text messaging M.I. and instructing M.I. to send photographs of herself. M.I. responded to defendant MUSTAFA by sending him via text messaging photographs of herself displaying her face, breasts, genitalia, and anus.

57. On or about March 7, 2010, in the Northern District of Georgia, defendant MUSTAFA continued to communicate with M.I. by text messaging M.I. regarding her becoming a "sex slave," having "2 masters," and promising to purchase clothes for her.

58. On or about March 7, 2010, in the Northern District of Georgia, defendants MUSTAFA and WALLACE went to the home of M.I., where MUSTAFA advised M.I. to exit her home by tying bed sheets together and climbing out of the window.

59. On or about March 7, 2010, in the Northern District of Georgia, defendants MUSTAFA and WALLACE transported M.I. in their vehicle and defendant MUSTAFA told M.I. "no" when she became scared and asked him if she could get out of the vehicle.

60. On or about March 7, 2010, in the Northern District of Georgia, after M.I. begged to be allowed to return home, defendant MUSTAFA allowed M.I. to exit his vehicle in a subdivision close to her home.

All in violation of Title 18, United States Code, Sections 1594(b) and (c).

15

**COUNT TWO**

CONSPIRACY – 18 U.S.C. § 371

1.    The allegations contained in the Introductory Allegations and Count One are realleged and incorporated as though fully set forth herein.

2.    Beginning in or about January 2010, and continuing through on or about June 4, 2010, in the Northern District of Georgia and elsewhere, defendant SOLOMON MANASSEH MUSTAFA, a/k/a "G," a/k/a "J", a/k/a "Black," and KALANDRA ANNETTE WALLACE, a/k/a "Toy," a/k/a "Love," a/k/a "Lady," did knowingly and willfully combine, conspire, confederate, and agree with one another, and others unknown to the grand jury, to commit certain offenses against the United States, specifically:

(a)    To knowingly receive one or more visual depiction(s) using any means or facility of interstate or foreign commerce, where the production of such visual depiction(s) involved the use of M.I., a minor, engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), the visual depiction(s) being of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2);

(b)    To knowingly persuade, induce, and entice, M.I., who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, using any facility or means of interstate commerce, in violation of Title

16

18, United States Code, Section 2422(b); and

(c)   To knowingly transport S.W., D.V., and D.H. in interstate commerce to engage in prostitution, in violation of Title 18, United States Code, section 2421;

All in violation of Title 18, United States Code, Section 371.

## COUNTS THREE and FOUR

### SEX TRAFFICKING - 18 U.S.C. § 1591

1.   The allegations contained in the Introductory Allegations and Count One are realleged and incorporated as though fully set forth herein.

2.   On or about the dates listed below as to each count, in the Northern District of Georgia and elsewhere, defendant SOLOMON MANASSEH MUSTAFA, a/k/a "G," a/k/a "J", a/k/a "Black," and defendant KALANDRA ANNETTE WALLACE, a/k/a "Toy," a/k/a "Love," a/k/a "Lady," while aiding and abetting one another, did the following acts, knowing that force, fraud and coercion would be used to cause the following persons, listed below as to each count, to engage in commercial sex acts:

(a)   recruit, entice, harbor, transport, provide and obtain by any means the following persons, in and affecting interstate commerce, listed below as to each count; and

(b)   benefit, financially and by receiving a thing of value, from participation in a venture which has engaged in the acts

17

described above in paragraph (a),

All in violation of Title 18, United States Code, Sections 1591(a) and (b) and Section 2.

| COUNT | VICTIM | DATES (ON OR ABOUT) |
|:-----:|:------:|---------------------|
| 3 | S.W. | February 2010 to March 4, 2010 |
| 4 | D.V. | May 31, 2010 to June 4, 2010 |

## COUNT FIVE

RECEIVING MATERIAL INVOLVING SEXUAL EXPLOITATION OF A MINOR –
18 U.S.C. § 2252(a)

1.   The allegations contained in the Introductory Allegations and Count One are realleged and incorporated as though fully set forth herein.

2.   On or about March 7, 2010, in the Northern District of Georgia, defendant SOLOMON MANASSEH MUSTAFA, a/k/a "G," a/k/a "J", a/k/a "Black," knowingly received one or more visual depictions, using any means or facility of interstate commerce, and that had been transported in and affecting interstate commerce, by any means including by computer, and the production of such visual depictions involved the use of M.I., a minor, engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and the visual depictions were of such conduct, all in violation of Title 18, United States Code, Sections 2252(a)(2) and (b).

## COUNT SIX

### COERCION AND ENTICEMENT OF A MINOR FOR SEXUAL ACTIVITY
### 18 U.S.C. § 2422(b)

1.    The allegations contained in the Introductory Allegations and Count One are realleged and incorporated as though fully set forth herein.

2.    On or about March 7, 2010, in the Northern District of Georgia, defendant SOLOMON MANASSEH MUSTAFA, a/k/a "G," a/k/a "J", a/k/a "Black," using a facility and means of interstate commerce, attempted to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which MUSTAFA could be charged with a criminal offense, that is, a violation of O.C.G.A. Sections 16-6-4 (child molestation) and 16-4-1 (criminal attempt to commit child molestation), all in violation of Title 18, United States Code, Section 2422(b).

## COUNT SEVEN

### KIDNAPING – 18 U.S.C. § 1201

1.    The allegations contained in the Introductory Allegations and Count One are realleged and incorporated as though fully set forth herein.

2.    On or about May 28, 2010 in the Northern District of Georgia and elsewhere, defendants SOLOMON MANASSEH MUSTAFA, a/k/a "G," a/k/a "J", a/k/a "Black," and defendant KALANDRA ANNETTE WALLACE, a/k/a "Toy," a/k/a "Love," a/k/a "Lady," aided and abetted

19

by each other, did unlawfully seize, confine, inveigle, decoy, kidnap, abduct and carry away and hold D.H. and willfully transport D.H. in interstate commerce, and did use a means, facility, and instrumentality of interstate commerce in furtherance of and in the commission of the offense, and did conspire so to do, all in violation of Title 18, United States Code, Sections 1201(a) and (c) and Section 2.

## COUNT EIGHT

### KIDNAPING - 18 U.S.C. § 1201

1.   The allegations contained in the Introductory Allegations and Count One are realleged and incorporated as though fully set forth herein.

2.   On or about June 4, 2010 in the Northern District of Georgia and elsewhere, defendants SOLOMON MANASSEH MUSTAFA, a/k/a "G," a/k/a "J", a/k/a "Black," and defendant KALANDRA ANNETTE WALLACE, a/k/a "Toy," a/k/a "Love," a/k/a "Lady," aided and abetted by each other, did unlawfully seize, confine, inveigle, decoy, kidnap, abduct and carry away and hold D.V. and willfully transport D.V. in interstate commerce, and did use a means, facility, and instrumentality of interstate commerce in furtherance of and in the commission of the offense, and did conspire so to do, all in violation of Title 18, United States Code, Sections 1201(a) and (c) and Section 2.

**COUNT NINE**

MANN ACT - 18 U.S.C. § 2421

1.  The allegations contained in the Introductory Allegations and Count One are realleged and incorporated as though fully set forth herein.

2.  On an unspecified date between January 2010 and March 4, 2010, in the Northern District of Georgia, defendants SOLOMON MANASSEH MUSTAFA, a/k/a "G," a/k/a "J", a/k/a "Black," and defendant KALANDRA ANNETTE WALLACE, a/k/a "Toy," a/k/a "Love," a/k/a "Lady," aided and abetted by each other, did knowingly transport S.W. in interstate commerce from the State of Georgia to the State of North Carolina, with the intent that she engage in prostitution, and attempted to do so, all in violation of Title 18, United States Code, Section 2421 and Section 2.

**COUNT TEN**

MANN ACT - 18 U.S.C. § 2421

1.  The allegations contained in the Introductory Allegations and Count One are realleged and incorporated as though fully set forth herein.

2.  On or about May 28, 2010 in the Northern District of Georgia and elsewhere, defendants SOLOMON MANASSEH MUSTAFA, a/k/a "G," a/k/a "J", a/k/a "Black," and defendant KALANDRA ANNETTE WALLACE, a/k/a "Toy," a/k/a "Love," a/k/a "Lady," aided and abetted

21

by each other, did knowingly transport D.H. in interstate commerce from the State of Georgia to the State of Alabama, with the intent that she engage in prostitution, and attempted to do so, all in violation of Title 18, United States Code, Section 2421 and Section 2.

**COUNT ELEVEN**

MANN ACT - 18 U.S.C. § 2421

1.   The allegations contained in the Introductory Allegations and Count One are realleged and incorporated as though fully set forth herein.

2.   On or about June 4, 2010 in the Northern District of Georgia and elsewhere, defendants SOLOMON MANASSEH MUSTAFA, a/k/a "G," a/k/a "J", a/k/a "Black," and defendant KALANDRA ANNETTE WALLACE, a/k/a "Toy," a/k/a "Love," a/k/a "Lady," aided and abetted by each other, did knowingly transport D.V. in interstate commerce from the State of Georgia to the State of Alabama, with the intent that she engage in prostitution, and attempted to do so, all in violation of Title 18, United States Code, Section 2421 and Section 2.

Case 1:11-cr-00234-CAP-AJB Document 1 Filed 05/10/11 Page 23 of 27

**COUNT TWELVE**

DOCUMENT SERVITUDE - 18 U.S.C. § 1592

1.    The allegations contained in the Introductory Allegations and Count One are realleged and incorporated as though fully set forth herein.

2.    From in or about January 2010, and continuing until on or about June 4, 2010, in the Northern District of Georgia, defendant SOLOMON MANASSEH MUSTAFA, a/k/a "G," a/k/a "J", a/k/a "Black," and defendant KALANDRA ANNETTE WALLACE, a/k/a "Toy," a/k/a "Love," a/k/a "Lady," aided and abetted by each other, did knowingly confiscate and possess an actual and purported government identification document of S.W., in the course of a violation of, and with intent to violate Title 18, United States Code, Section 1591, that is, recruiting, enticing, harboring, transporting, providing and obtaining young women, in and affecting interstate commerce, and benefitting, financially and by receiving a thing of value, from participation in a venture that engaged in these acts, knowing that force, threats of force, fraud, coercion, or any combination of such means would be used to cause the young women to engage in a commercial sex act, all in violation of Title 18, United States Code, Section 1592(a) and Section 2.

## FORFEITURE PROVISION

1.    The allegations of Counts One through Twelve of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture.

2.    Pursuant to Title 18, United States Code, Section 1594 (d), upon conviction for any of the offenses detailed in Counts One, Three, Four, or Twelve, the defendants, SOLOMON MANASSEH MUSTAFA, a/k/a "G," a/k/a "J", a/k/a "Black," and defendant KALANDRA ANNETTE WALLACE, a/k/a "Toy," a/k/a "Love," a/k/a "Lady," shall forfeit to the United States of America (1) any property, real or personal, used or intended to be used to commit or to facilitate the commission of any such offense; and (2) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of any such offense.

3.    Pursuant to Title 18, United States Code, Section 981 (a)(1)(C), Title 28, United States Code, Section 2461, Title 18, United States Code, Section 2253(a), and Title 18, United States Code, Section 2428, upon conviction for any of the offenses detailed in Count Two, the defendants, MUSTAFA and WALLACE, shall forfeit to the United States of America (1) any property, real or personal, used or intended to be used to commit or to facilitate the commission of the offense; (2) any property, real or personal, constituting or derived from, any proceeds obtained, directly or

24

indirectly, as a result of the offense; and (3) any visual depiction described in Title 18, United States Code, Section 2251, 2251A, 2252, 2252A or 2260.

4.    Pursuant to Title 18, United States Code, Section 2253(a), upon conviction of the offense detailed in Count Five, the defendant, MUSTAFA, shall forfeit to the United States of America (1) any visual depiction described in Title 18, United States Code, Section 2251, 2251A, 2252, 2252A or 2260, (2) any property, real or personal, used or intended to be used to commit or to facilitate the commission of the offense; and (3) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

5.    Pursuant to Title 18, United States Code, Section 2428, upon conviction for any of the offenses detailed in Counts Six, Nine, Ten, or Eleven, the defendants, MUSTAFA and WALLACE, shall forfeit to the United States of America (1) any property, real or personal, used or intended to be used to commit or to facilitate the commission of any of the offenses; and (2) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of any such offense.

6.    Pursuant to Title 18, United States Code, Section 981 (a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction for any of the offenses detailed in Counts Seven or Eight, the defendants, MUSTAFA and WALLACE, shall forfeit to the

United States of America any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of any such offense.

7.    If any of the property described above, as a result of any act or omission of the defendants:

>           a.    cannot be located upon the exercise of due
>           diligence;
>           b.    has been transferred or sold to, or deposited with,
>                 a third party;
>           c.    has been placed beyond the jurisdiction of the
>                 court;
>           d.    has been substantially diminished in value; or
>           e.    has been commingled with other property which cannot
>                 be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A _____true_____ BILL

_Ann C Austen_

FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

SUSAN COPPEDGE
ASSISTANT UNITED STATES ATTORNEY

26

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
Phone: 404/581-6250
Fax: 404/581-6181
Georgia Bar No. 187251

NEKIA S. HACKWORTH
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
Phone: 404/581-6196
Fax: 404/581-6181
Georgia Bar No. 394110