IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **SOLOMON M. MUSTAFA,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 62831-019,** | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:11-CR-234-CAP-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:15-CV-3194-CAP-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant, Solomon M. Mustafa, filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in criminal action number 1:11-cr-234-CAP-AJB-1. [Doc. 221.][1] The Government filed a response in opposition. [Doc. 224.] Movant did not file a reply. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

**I.   28 U.S.C. § 2255 Standard**

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that

---

[1]   Citations to the record in this Final Report and Recommendation refer to case number 1:11-cr-234-CAP-AJB-1.

AO 72A
(Rev.8/82)

the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2]). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Bain v. United States*,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief.

## II.   Procedural History

Following a jury trial, Movant was convicted of the following offenses on July 18, 2012: (1) conspiracy to commit sex trafficking and document servitude, in violation of 18 U.S.C. § 1594(b) & (c) (count one); (2) conspiracy, in violation of 18 U.S.C. § 371 (count two); (3) sex trafficking, in violation of 18 U.S.C. §§ 2 and 1591(a) & (b) (counts three and four); (4) attempted coercion and enticement of a minor for sexual activity, in violation of 18 U.S.C. § 2422(b) (count six); (5) kidnaping, in violation of 18 U.S.C. §§ 2 and 1201(a) & (c) (counts seven and eight); (6) interstate transportation for purposes of prostitution, in violation of 18 U.S.C. §§ 2 and 2421 (counts nine, ten, and eleven); and (7) document servitude, in violation of 18 U.S.C. § 1592 (count twelve). [Doc. 1 at 1-23; Doc. 147 at 1-3.]

On September 19, 2012, the District Court sentenced Movant to a total effective term of life imprisonment. [Doc. 159 at 1-2.] The United States Court of Appeals for

the Eleventh Circuit affirmed. *See United States v. Mustafa*, 558 Fed. Appx. 914 (11th Cir. Mar. 7, 2014) (per curiam). [Doc. 196.] The United States Supreme Court denied certiorari on October 6, 2014. [Doc. 202.]

Movant timely filed his § 2255 motion on September 9, 2015. [Doc. 221.] Movant claims that trial counsel provided ineffective assistance by failing to (1) "advise [him] to accept or reject the Government's plea offer of a [twenty-five]-year sentence" (ground one), and (2) "challenge [his] life sentence as substantially unreasonable under the advisory guidelines" (ground two). [*Id.* at 1-6.][3]

### III. Discussion

In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged

---

[3] Although Movant states that he also challenges the effectiveness of appellate counsel's assistance as to both grounds, he fails to raise any facts or arguments regarding appellate counsel. [Doc. 221 at 1.] Therefore, the undersigned considers only whether trial counsel provided ineffective assistance.

action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

### A. <u>Ground One</u>

The Government does not address whether (1) it offered to recommend that Movant receive a twenty-five-year sentence in exchange for his guilty plea, or (2) trial counsel failed to advise Movant regarding the plea. Instead, the Government argues that Movant did not suffer prejudice. [Doc. 224 at 9-11.] "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). When counsel's incompetent advice causes a defendant to reject a plea offer and go to trial, he must show that

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not

5

>have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 164; *see also Missouri v. Frye*, 566 U.S. 133, 147-49 (2012).

First, the Government contends that the alleged plea offer would not have been presented to the District Court because Movant would not have accepted it. The Government points out that at sentencing, (1) trial counsel explained that Movant continued to "maintain his innocence," and (2) Movant stated that he "didn't do it." [Doc. 224 at 10 (citing Doc. 177 at 6, 29).]

An offender's denial of guilt throughout the proceedings weighs against his later claim that he would have pleaded guilty. *See Osley v. United States*, 751 F.3d 1214, 1224-25 (11th Cir. 2014) (citing cases). Although Movant now states that he would have pleaded guilty, he also states that he believed that his maximum sentence was thirty years imprisonment, which was only five years longer than the alleged sentencing recommendation of twenty-five years imprisonment. [Doc. 221 at 2, 8.] In light of his denial of guilt at sentencing, Movant fails to show a reasonable probability that he would have favored pleading guilty and serving a twenty-five-year sentence instead of going to trial and risking no more than a thirty-year sentence if he was convicted.

6

Therefore, Movant does not show a reasonable probability that the alleged plea offer would have been presented to the District Court.

Next, the Government contends that the District Court would not have agreed to sentence Movant to twenty-five years imprisonment. The Government cites the District Court's statements at sentencing that (1) Movant's conduct "shocks the conscience," and (2) a life sentence "is in order to protect society and [Movant]" as well as deter others from committing the same offenses. [Doc. 224 at 10-11 (citing Doc. 177 at 26-27).] At the time of sentencing, Movant was thirty-eight years old, and thus the difference between sentences of twenty-five years and life was significant. [Doc. 177 at 26.] Movant presents nothing to show a reasonable probability that the District Court would have accepted his guilty plea and sentenced him to only twenty-five years, rather than life imprisonment.

Finally, although Movant shows that a twenty-five year sentence would have been less severe than the life sentence that he received, his failure to satisfy the first two requirements of *Lafler* precludes relief. Accordingly, Movant should be denied § 2255 relief as to ground one.

### B. Ground Two

Movant claims that trial counsel failed to argue that the factors in 18 U.S.C. § 3553(a) did not warrant a life sentence. [Doc. 221 at 5-6.][4] As the Government points out, Movant's claim is factually incorrect. [Doc. 224 at 15-16.] At sentencing, trial counsel argued that (1) Movant's criminal history was insignificant and overrepresented by his criminal history category, (2) his co-defendant was equally culpable but received a sentence of only five years imprisonment, (3) the victims of Movant's crimes chose to respond to his advertisements for employment as prostitutes, and (4) Movant had mental health problems and low intellectual functioning. [Doc. 177 at 6-8.] Therefore, trial counsel's arguments covered relevant sentencing factors in § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(1) & (6). Accordingly, Movant should be

---

[4] Movant also claims that the District Court's sentence was unreasonable. [Doc. 221 at 5-6.] That claim is procedurally defaulted because Movant failed to raise it on direct appeal. [*See* Doc. 196 at 2-3.] *See Mustafa*, 558 Fed. Appx. at 915; *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). Movant does not show cause for the default because his claim of ineffective assistance regarding sentencing fails for the reasons given in Part III.B and footnote 3 of this Final Report and Recommendation. *See Lynn*, 365 F.3d at 1235. Movant also does not show that he is actually innocent. *See id.* at 1234-35 & n.18.

AO 72A
(Rev.8/82)

denied § 2255 relief as to ground two.

## IV.     Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484)

AO 72A
(Rev.8/82)

(internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.  Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's § 2255 motion, [Doc. 221], be **DENIED**, a COA be **DENIED**, and civil action number 1:15-cv-3194-CAP-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this _2d_ day of March, 2017.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)